**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| VELETTA C. COLEMAN,<br>　　　　　Appellant, | DOCKET NUMBER<br>DA-0841-23-0038-I-1 |
| 　　　v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　Agency. | DATE: March 6, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Veletta C. Coleman, Dallas, Texas, pro se.

Jane Bancroft, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed her Federal Employees' Retirement System benefits appeal for lack of jurisdiction after the Office of Personnel Management (OPM) rescinded its final decision. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.[2]  5 C.F.R. § 1201.113(b).

¶2        The appellant asserts that the administrative judge erred in his adjudication of the matter by, among other things, denying her discovery and a hearing. Petition for Review (PFR) File, Tab 1 at 8, Tab 6 at 4.  However, we find no abuse of discretion by the administrative judge because none of these procedures could result in a finding of jurisdiction where OPM has rescinded its final decision.  Initial Appeal File (IAF), Tab 23, Initial Decision at 3; *see Moore v. Office of Personnel Management*, 114 M.S.P.R. 549, ¶ 4 (2010) (explaining that, if OPM completely rescinds a final decision, the recission divests the Board of jurisdiction over the appeal in which that decision is at issue, and the appeal must be dismissed).  To the extent the appellant asserts that the administrative judge was biased against her, PFR File, Tab 1 at 8, we find her assertion unsubstantiated, *see Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 19 (2013) (finding that broad and general allegations of bias are insufficient to overcome the presumption of the administrative judge's honesty and integrity).

¶3        The appellant contends that OPM failed to designate a representative and failed to submit its response file to the administrative judge.  PFR File, Tab 1

---

[2] The appellant has filed a motion for leave to file an additional pleading.  Petition for Review File, Tab 8 at 1-3.  The appellant's motion does not describe any documents that are material to the jurisdictional issue; accordingly, we deny the motion.

at 4.  We appreciate the appellant's frustration, but we find that nothing about OPM's participation in this appeal prejudiced her substantive rights.  *See Brown v. Office of Personnel Management*, 43 M.S.P.R. 352, 359 n.9 (1990), *reconsideration denied*, 50 M.S.P.R. 383 (1991) (Table).  The appellant also contends that OPM engaged in prohibited personnel practices, to include discrimination.  *E.g.*, PFR File, Tab 1 at 7-8, Tab 2 at 9.  However, in the absence of an appealable matter, the Board lacks jurisdiction to consider these claims.  *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (explaining that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).  Thus, the appellant's contentions do not provide a basis to disturb the initial decision.

¶4        Lastly, the appellant argues that OPM's decision was unduly delayed, and she requests damages for the impact of the delay.  PFR File, Tab 1 at 3, 6, Tab 2 at 9; IAF, Tab 1 at 9-11.  The Board may take jurisdiction over a retirement appeal if the appellant has made repeated requests for a reconsideration decision and the evidence shows that OPM does not intend to issue a final decision.  *See, e.g., Fletcher v. Office of Personnel Management*, 118 M.S.P.R. 632, ¶ 5 (2012).  The Board has also previously found that it may assume jurisdiction when OPM has indicated that it does not intend to issue an initial decision.  *See, e.g., Easter v. Office of Personnel Management*, 102 M.S.P.R. 568, ¶ 8 (2006).  However, we find no authority for the proposition that, once OPM has issued a decision, its delay in issuing the decision constitutes "an administrative action or order" affecting the appellant's rights or interests under FERS.  *See* 5 U.S.C. § 8461(e).

¶5        Accordingly, we affirm the initial decision, which dismissed the appeal for lack of jurisdiction.  OPM has represented that it intends to issue new decisions concerning these matters.  We understand the appellant has already experienced significant delays in achieving a final resolution to her case.  Therefore, the Board encourages OPM to act expeditiously to issue a final decision.  Whether

OPM does this by first issuing an initial decision with reconsideration rights or by issuing a final decision with Board appeal rights is a matter within OPM's discretion. *See* 5 C.F.R. §§ 841.305-.307. However, in either case, if the appellant is dissatisfied with OPM's final decision or if OPM fails to issue an appealable final decision within 90 days of the date of this order, the appellant may file a new Board appeal with the appropriate regional office. Any future appeal must be filed within the time limits set forth in the Board's regulations. *See* 5 C.F.R. § 1201.22.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.